GODDARD v. The TANGIER. See Cases Nos. 12,265–12,267.

GODDARD (UNITED STATES v.). See Case No. 15 220.

## Case No. 5,495.

### GODDARD v. WEAVER.

[1 Woods, 257;[1] 6 N. B. R. 440.]

Circuit Court, D. Louisiana. April Term, 1872.

BANKRUPTCY—EFFECT OF PETITION ON PENDING EXECUTION—ASSIGNEE'S TITLE TO BANKRUPT'S PROPERTY — DISCHARGE OF LIENS — PROPERTY HELD BY BANKRUPT AS BAILEE — RIGHTS OF SHERIFF AND ASSIGNEE.

1. Where an honest execution is issued against a bankrupt and levied upon his property before a petition for bankruptcy has been filed, the filing of such a petition does not render the execution and all the proceedings under it null and void.

2. The assignee of a bankrupt is not the assignee of his creditors; he takes only the bankrupt's interest in property; he has no right or title to the interest which others have therein, nor any control over it, further than is expressly given to him by the bankrupt act as auxiliary to the preservation of the bankrupt's interest for the benefit of his general creditors.

[Cited in Re Steadman, Case No. 13,330; Maybin v. Raymond, Id. 9,338; Re McKenna, 9 Fed. 34.]

[Cited in Brown v. Brabb, 67 Mich. 22, 34 N. W. 405.]

3. If, at the commencement of proceedings in bankruptcy, the bankrupt has possession of property subject to certain fixed liens, the assignee succeeds to his possession, and may discharge the liens and dispose of the property for the benefit of the general creditors; or, perhaps, he may sell the property before discharging the liens, and distribute the proceeds in the order of priority of the claims upon them.

4. If, at the commencement of proceedings in bankruptcy, the bankrupt has not possession of a particular property except as bailee, but the same is in the hands of the sheriff under an execution and levy, the assignee cannot take such property out of the sheriff's hands without paying the debt, or seeking the aid of the United States district or circuit court sitting in bankruptcy.

[Cited in Thames v. Miller, Case No. 13,860; Kimberling v. Hartly, 1 Fed. 575.]

5. If, in such case, the sheriff proceed to sell the property, there is nothing in the bankrupt act [of 1867 (14 Stat. 517)] which renders void his acts done after the commencement of proceedings in bankruptcy. The possession of the sheriff is a lawful possession; he has a species of property in the thing.

6. The right of the sheriff, in such case to sell, extends to the entire interest of the debtor, and no assignment of that interest in bankruptcy or otherwise can divest the right of the sheriff.

7. If the assignee can show that the exerc'se of this right by the sheriff will materially affect the interests of the general creditors, the court will interfere, but not otherwise; it would do this if the bankrupt's interest was only that of a coproprietor, and the others were about to do any act to the property by which the bankrupt's interest would be sacrificed or compromitted.

8. When divers persons have divers interests in the same thing, neither has a right to do what will injure the others; and each must submit to judicial restraint imposed for the protection of the others' interests.

9. When any question is made as to the validity of the judgment under which proceedings are being had, the bankrupt court is the appropriate

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

tribunal to investigate it; and proceedings under the judgment will be restrained as a matter of course, until that question is settled.

Bill in equity, submitted on motion for the allowance of an injunction and the appointment of a receiver.

Wm. M. Randolph and M. M. Cohen, for complainant.

Wm. H. Hunt, for defendant.

BRADLEY, Circuit Justice. On the 25th of November, 1871, Joseph D. Weaver filed in the Fifth district court of the parish of Orleans, a petition for executory process against one Francis M. Fisk for the seizure and sale of certain buildings and improvements in the city of New Orleans, upon and in virtue of certain acts of mortgage importing confession of judgment passed, one in 1866, and the other in 1868. On the 27th of November, 1871, an order of seizure and sale was made, an execution was duly issued to the sheriff of the parish, who levied upon and advertised the property for sale. Afterwards, on the 27th of December, 1871, the said Fisk filed in the district court for the Eastern district of New York, a petition to be declared a bankrupt, and was declared such accordingly. The sheriff's sale, however, took place on the 6th of January, 1872, in pursuance of this advertisement, and Weaver became the purchaser of the property for the price of $16,200, a little less than the amount due him for principal, interests, and costs.

The complainant who became assignee in bankruptcy of Fisk has filed this bill to set aside the sheriff's sale, and now moves for the appointment of a receiver to take possession of the property, and receive the rents and profits during the pendency of the suit, and for an injunction to prevent Weaver from intermeddling therewith. The gravamen of the bill is, that the sale was made after adjudication in bankruptcy, that Weaver, the purchaser, knew of such adjudication, and urged forward the sale, notwithstanding an order of the district court of New York to suspend proceedings, and that the property sold for less than its value, having been sold for $16,200, when it was worth $25,000. The defendant has filed an answer, in which he positively denies that he knew of the proceedings in bankruptcy at the time of the sale, denies that the property was worth more than he bid for it, and avers that the sale was made in good faith.

It is admitted, however, by the defendant, that before the sale a paper was served on him purporting to be a copy of a decree in bankruptcy against Fisk, and another paper purporting to be a copy of an order of the New York district court, directing him to suspend proceedings in the collection of his claim; but neither paper was authenticated in any manner, and both he and his counsel believed them to be spurious, and a ruse on the part of Fisk to prevent the sale;

and the Fifth district court of the parish of Orleans, being applied to on behalf of Fisk, to stay proceedings, refused to do so upon the unauthenticated papers which were served.

In relation to the value of the property sold, the defendant is corroborated by the affidavits of several respectable witnesses.

The first question arising upon the case is, whether as mere matter of law, all proceedings of the sheriff taken and had after the petition in bankruptcy was filed were null and void.

It is contended that they were null and void, because repugnant to that exclusive control over bankrupts' property which is vested in the bankrupt court. I cannot agree to this proposition.

Where an honest execution is issued against a bankrupt and levied upon his property before any petition for declaring him a bankrupt has been filed, I cannot subscribe to the doctrine that the filing of such a petition renders the execution and all the proceedings under it, null and void. The assignee of a bankrupt is not the assignee of his creditors. He is not the assignee of all the judgments, executions, liens and mortgages outstanding against the bankrupt's property. He takes only the bankrupt's interest in property; he has no right or title to the interest which other parties have therein, nor any control over the same, farther than is expressly given to him by the bankrupt act, as auxilliary to the preservation of the bankrupt's interest for the benefit of his general creditors. It would be absurd to contend that the assignee in bankruptcy becomes ipso facto seized and possessed in entirety, as trustee of every article of property in which the bankrupt has any interest or share. This would give him the king's prerogative which brooks not a divided dominion in property in common with a subject.

If at the commencement of the proceedings in bankruptcy, the bankrupt has possession of property, subject to certain fixed liens, the assignee succeeds to his possession and may discharge the liens and dispose of the property for the benefit of the general creditors; or perhaps he may sell the property before discharging the liens and distribute the proceeds in the order of priority of the claims upon them. Whether in all cases he could do this, it is not necessary to decide.

But if at the commencement of the proceedings in bankruptcy, the bankrupt has not possession of a particular property except as bailee, but the same is in the hands of the sheriff under an execution and levy, I know of no authority which the assignee has to take such property out of the sheriff's hands without paying the debt, or seeking the aid of the district or circuit court sitting in bankruptcy.

And if the sheriff proceeds to sell the property, I am unable to see anything in the

bankrupt act which renders void his acts done after the commencement of proceedings in bankruptcy. The possession of the sheriff is a lawful possession. He has a species of property in the thing.

His right to sell extends to the entire interest of the debtor, and no assignment of that interest in bankruptcy or otherwise can divest this right of the sheriff. If the exercise of the right would materially affect the interests of the general creditors, and the assignee can show this, the court will interfere, but not otherwise. It would do this if the bankrupt's interest was only that of a coproprietary and the other coproprietors were about to do any act to the property by which the bankrupt's interest would be sacrificed or compromitted.

When divers persons have divers interests in the same thing, neither has a right to do what will injure the others; and each must submit to judicial restraint imposed for the protection of the others' interests.

It is upon this principle that courts are authorized to interfere with rights otherwise lawful in regard to property situated as I have supposed. Whilst, therefore, I have no doubt of the court's authority to stay the sheriff's proceedings in such a case, and even to set aside the sale when it can be done without injustice to third parties, I cannot regard the sheriff's acts as absolutely void in law, nor even as voidable, or subject to control, except upon cause shown in a court having bankruptcy jurisdiction. Of course when any question is made as to the validity of the judgment, the bankrupt court is the appropriate tribunal to investigate it; and proceedings under the judgment will be restrained as a matter of course until that question is settled. But in the case before us, no question is made as to the bona fides of the act on which executory process is issued, nor of its validity in any respect. The answer has fully disposed of any charge of bad faith, and of the allegations as to the value of the property. Under the circumstances of this case, I do not think that I ought to appoint a receiver, or to issue an injunction.

The motion is denied.