## Case No. 7,403.

### JOHNSON v. PATTERSON.

[2 Woods, 443.] [1]

Circuit Court, N. D. Georgia. Sept. Term, 1875.

Benj. F. Abbott and E. W. Beck, for petitioner.

C. Peeples and E. P. Howell, for defendant.

WOODS, Circuit Judge. The facts are as follows: On February 13, 1873, Patterson made and delivered to Johnson his two promissory notes of that date for $3,000 each, due respectively on the first days of October and November next following, and at the same time placed in the hands of Johnson planters' bonds to an amount exceeding $6,000, with the promise that afterwards the bonds were to be returned, and a mortgage of his stock of goods was to be made by Patterson to Johnson, to secure the notes. This agreement was carried out by the execution and delivery by Patterson to Johnson, on March 27, 1873, of a chattel mortgage of that date, upon all the goods, wares, merchandise, accounts, notes and other effects belonging to the store of Patterson, conditioned for the payment of said two notes for $3,000 each. Patterson retained possession of the stock of goods and the notes and accounts, and continued to sell the goods and collect the notes and accounts just as if no mortgage had been made. As he made sales of goods, he replenished his stock

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

with other goods. In short, he continued his business precisely as he had done before the mortgage was executed. No record was made of the mortgage until November 12, 1873. On December 4, 1873, Patterson was adjudged a bankrupt. After the execution of the mortgage, and before its record, Patterson contracted debts to the amount of $11,171. These debts were for goods to replenish his stock. After all this, Johnson, the payee of the notes made by Patterson, also went into bankruptcy. The assignee of Patterson sold the goods and other property covered by the mortgage, and the money is now in the registry of the court. The contest in this case is between the assignee of Johnson, who claims that this fund should be first applied to the payment of the notes for $3,000 each held by him; and the assignee of Patterson who claims that the mortgage was ineffectual and that the proceeds of the mortgaged property should be distributed among all the creditors of Patterson pro rata.

To one unacquainted with the statute law of this state, this case would present no difficulty whatever. The general rule is, that a chattel mortgage, with possession left in the mortgagor, and power of sale, is fraudulent and void. In re Kahley [Case No. 7,593]; Harvey v. Crane [Id. 6,178]; Hawkins v. First Nat. Bank of Hastings [Id. 6,244]; In re Manly [Id. 9,031]. The Code of Georgia, however, has this provision: "Sec. 1954. A mortgage in this state * * * may embrace all property in possession, or to which the mortgagor has the right of possession at the time, or may cover a stock of goods or other things in bulk, but changing in specifics, in which case, the lien is lost on all articles disposed of by the mortgagor up to the time of foreclosure, and attaches upon the purchases made to supply their place." In the case of Goodrich v. Williams, 50 Ga. 425, the supreme court of this state construed this statute, and declared that "a mortgage upon a stock of goods then on hand, and upon the additional purchases as they should be made, is a good lien under our laws to the amount of the goods on hand at the time, and is good upon future purchases to that extent, even if those purchases be unpaid for, except as against any legal liens or title that may be against the goods in the hands of a third person." Therefore, if the mortgage had been recorded according to law, we should, under this provision, be constrained to hold it good, notwithstanding the mortgagor was allowed the power of sale. But the mortgage was not recorded according to law. Section 1955 of the Code of Georgia declares that a mortgage must be "recorded within three months from its date." This mortgage was not recorded till seven months and a half after its date, and in the meantime, Patterson contracted the debts which are now represented by his assignee, who claims that, as to these debts, the mortgage is void. But the assignee of Johnson claims that under section 1953 of the

Code of Georgia, "mortgages not recorded within the time required remain valid as to the mortgagor," and are only "postponed to all other liens created or obtained, or purchases made prior to the actual record of the mortgage;" and as the general creditors of Patterson have no lien and are not purchasers, the mortgage is good as against them. Such seems to be the law of this state. It is so positively enacted, and has been so construed by the supreme court of the state as to give it this effect.

In Hardaway v. Semmes, 24 Ga. 305, it was held that "if a mortgagee does not record his mortgage in three months, he risks having it postponed to after made mortgages, and to judgments obtained before he foreclosed it, but that is all he risks." The same doctrine, substantially, has been held elsewhere. In Cragin v. Carmichael [Case No. 3,319], it was held that under the laws of Iowa, the assignee in bankruptcy, in assailing a mortgage which was recorded at the time of the commencement of proceedings in bankruptcy, must show something more than that debts were created without notice of it before it was recorded.

It seems to me that there can be no doubt that under the law of this state, this mortgage, although unrecorded, was valid as against all persons except those who had obtained liens upon or become purchasers of the mortgaged property prior to the actual record of the mortgage. There are no such persons. All the creditors represented by Johnson's assignee are general creditors, without lien. If the mortgage is valid under the state law, it is valid to the same extent under the bankrupt act. Ex parte Dalby [Case No. 3,540]; Potter v. Coggeshall [Id. 11,322]; Coggeshall v. Potter [Id. 2,955]; In re Wynne [Id. 18,117].

Section 14 of the bankrupt act (Rev. St. § 5052) declares that "no mortgage of any vessel or of any other goods or chattels, made as a security for any debt in good faith, and for a present consideration, and otherwise valid, and duly recorded pursuant to any statute of the United States or of any state, shall be invalidated or affected by any assignment in bankruptcy." This section has uniformly been construed not to affect any mortgage good under the laws of the state where executed. "This provision cannot enlarge the rights or title of the assignee, or make a mortgage invalid against him which but for the provision would have been valid. It appears to have been inserted out of greater caution, lest it should be supposed that valid chattel mortgages would be affected by the assignment, and not with any view of construing the laws regarding record; and so if the mortgage be one that requires no record, or if it be executed in a state having no record, or if record is not required between the parties, the provision will not defeat it." In re Dalby, supra.

In my judgment, therefore, as the mortgage in question in this case is good by the law of Georgia as against the mortgagor and against all others who had not acquired liens or become purchasers before the actual record, in spite of the fact that the mortgage was not recorded and that the mortgagor remained in possession with power of sale, I must hold it to be good as against the assignee of the mortgagor and the general creditors whom he represents. Decree of district court reversed.