PLATT, Assignee, *v.* PRESTON and others.

*(District Court, S. D. New York. July 26, 1880.)*

1. CHATTEL MORTGAGE—FILING—BANKRUPTCY.—The failure to file a chattel mortgage pursuant to the statute of the state of New York does not, *per se*, avoid the mortgage in favor of an assignee in bankruptcy.

   *Stewart* v. *Platt*, 19 N. B. R. 347.

In Equity.

*A. Blumenshiel*, for complainant.

*B. F. Tracy* and *Henry Brodhead*, for defendant Preston.

*F. W. Angell*, for defendant Weinfeld.

CHOATE, D. J. This is a bill in equity, brought by the assignee in bankruptcy of one Neumann, against William J. Preston, Montz Weinfeld, and Anthony J. Diekelman, to set aside, as fraudulent against the creditors of the bankrupt, a chattel mortgage given to the defendant Preston, a lease to the defendant Weinfeld, and a general assignment made to the defendant Diekelman, all of which are alleged to have been made

and executed in pursuance of a common fraudulent purpose, and as parts of a single scheme to defraud, hinder, and delay creditors. The defendants Preston and Weinfeld appeared and defended upon the merits. Dickelman died, after appearing to resist an application for an injunction, and the suit has been revived against his administrator, who, on the fifth day of August, 1879, appeared in the cause by his solicitor, but no answer has been put in for him, nor has any order been entered taking the bill, *pro confesso,* as against him. Upon the issues raised by the answer of Preston and Weinfeld, which deny all the allegations of fraud contained in the bill, the proofs have been taken, and the cause has been heard on the pleadings and proofs.

The supreme court of the United States, in the case of *Steward* v. *Platt,* 19 N. B. R. 347, having decided that the failure to file a chattel mortgage pursuant to the statute of the state of New York does not, *per se,* avoid the mortgage in favor of an assignee in bankruptcy, there is no question to be determined, under the answer of the defendant Preston, except whether the mortgage was, in its inception, fraudulent in fact as against creditors. The opinion expressed when the case was before the court upon an application for an injunction *pendente lite,* that the proofs then produced would not justify a finding that "the mortgage was not, in its inception, made in good faith, otherwise than as it may have been intended to keep it secret as regards creditors," is fully confirmed by the proofs now taken; and I am entirely satisfied that the mortgage was given and received in good faith, as security for an existing debt, and for future advances, without any purpose or intention of delaying, hindering, or defrauding creditors, and not in contemplation of bankruptcy on the part of the mortgagor, and that the omission to file the same was not with any such fraudulent purpose or intention, or for the purpose of keeping it secret from creditors, but because the mortgagee was advised that it was unnecessary to file it if he had, as in fact he had, confidence in the personal integrity of the mortgagor.

In respect to the lease executed by the bankrupt to the

defendant Weinfeld, the proof now is that the rent reserved was a full and adequate rent for the use of the premises. Previous to its execution Weinfeld had become the purchaser of the machinery and chattels connected with the brewery, under the sale to enforce the chattel mortgage. The proof is that the negotiations between the bankrupt and Weinfeld for the making of the lease were all subsequent to this purchase. There was no fraud in making it, nor any injury done or intended towards creditors. Weinfeld's only object in taking the lease was to make an economical use of the property he had on the premises.

These conclusions necessarily dispose of the bill as against Preston and Weinfeld. There is an entire failure to prove as against them the fraud alleged, which is the basis of the suit. The suspicious circumstances shown upon the motion for an injunction have been explained, or have become immaterial, upon the case now made by the testimony. See 19 N. B. R. 241.

If, as claimed by the complainant, Weinfeld removed and sold certain beer from the brewery, which, under the contract between Preston and the bankrupt, referred to in the chattel mortgage, did not belong to Weinfeld, as the purchaser of the chattel mortgage and assignee of the contract, but to the bankrupt's estate, the complainant's remedy is not by this suit in equity. Whatever trespass Weinfeld may have committed in this respect appears to have been actuated, not by a fraudulent purpose in respect to creditors, but by a misapprehension as to his own title. It is not intended to be intimated that Weinfeld had not a perfect right, as assignee of Preston's beer contract, to take and sell all the beer on the premises; but that question does not arise in this suit, and is not passed upon.

The bill must, therefore, be dismissed as against Preston and Weinfeld, with costs. As to the administrator of Diekelman, no decree can be made in the present state of the record, and the bill, as to him, is retained for further proceedings.

Decree accordingly.