## C. F. Shinkle, Receiver of the People's Building and Loan Association, v. Frank Knoll et al.

1. BUILDING AND LOAN ASSOCIATION—*Bound by the Official Statement of Its Secretary.*—The secretary of a building and loan association is the agent through whom the corporation ordinarily communicates to the public concerning the condition of its affairs, and when he makes an official statement which is accepted and acted upon in good faith by a third party, the corporation should be bound by it.

2. SAME—*Receiver Succeeds to No Greater Rights than His Insolvent Association.*—A receiver of an insolvent building and loan association succeeds to no greater rights than his insolvent association had, and he can assert no claim which the association could not have asserted had a receiver not been appointed.

**Bill to Wind Up the Affairs of a Building and Loan Association.** —Appeal from the Circuit Court of Tazewell County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding.   Heard in this court at the May term, 1901.   Affirmed.   Opinion filed December 10, 1901.

F. Y. HAMILTON, attorney for appellant.

DAN F. RAUM, attorney for appellees.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Frank Knoll became a member of the People's Building and Loan Association and borrowed $1,000, for which he and his wife executed a bond and mortgage to secure payment of the same on certain real estate.   In November, 1898, he sold and conveyed the real estate to Leslie Robinson, as trustee for the Gipps Brewing Company, for $3,500. The arrangement was that the Gipps Brewing Company should pay all incumbrance against the property and pay the balance to Knoll.   In March, 1899, the secretary of the brewing company applied to appellant, C. F. Shinkle, then secretary of the building and loan association at Bloomington, Illinois, to ascertain the amount due on Knoll's loan, with the view of paying it and making final settlement with Knoll.   The purpose of the inquiry was fully explained to appellant, who made a statement showing that the amount due on the loan was $546.70, at the date of the conveyance from Knoll to the brewing company.   The brewing company then made a settlement with Knoll, after deducting that amount, and paid him the balance due as purchase money.

At the time the brewing company received the statement from Shinkle, the loan association was insolvent, and Shinkle was appointed receiver of it by the United States Circuit Court at Springfield on the 3d of July following. That court entered a decretal order, directing Shinkle, as receiver, to collect the face value of all loans, together with all delinquent sums and five per cent interest from July 3, 1899.   Shinkle then notified the brewing company of the order, but it refused to pay more than the amount called

for by his statement of March previous. This suit followed, resulting in a personal decree against Knoll and wife for $981.50, and a lien and sale decree against the real estate for $546.70 and $150 attorney fees. The decree also provided for the sale of Knoll's stock. From that decree, Shinkle, as receiver, prosecutes this appeal.

It is contended that the brewing company assumed the obligations of Knoll to pay the building and loan association and must perform its obligations to the complainant as its receiver. There would be good ground for such contention had the association, at the time when the brewing company applied to Shinkle as secretary to learn the condition of Knoll's indebtedness and the extent of the incumbrance against the property, been a solvent concern. But it was not solvent; Shinkle knew that it was not. He knew, too, that the brewing company made its inquiries not for the purpose of becoming a member of the association, but with the sole view of ascertaining what it should pay Knoll. Had he truthfully represented its condition and given the brewing company to understand that the premises might be bound for the face of the mortgage, it could have protected itself against such a contingency because it had over $1,100 still due to Knoll on the purchase. To allow Shinkle, as receiver, to foreclose the mortgage for a greater amount than he represented to be due as secretary would be a fraud upon the brewing company. It would be allowing him, as receiver, to reap the fruits of his false representations as secretary, a thing not to be countenanced in a court of equity.

The secretary of a building and loan association is the agent through which the corporation ordinarily communicates to the public concerning the condition of its affairs, and when he makes an official statement which is accepted and acted upon in good faith by a third party, the corporation should be bound by it. Prairie State Loan Association v. Gorrie, 167 Ill. 414; Prairie State Loan Association v. Nuling, 170 Ill. 240.

A receiver of such an association succeeds to no greater

rights than his insolvent had, and can assert no claim which the association could not have asserted had a receiver not been appointed. If the association would have been estopped from taking advantage of a false representation of its secretary, the receiver is likewise estopped. Gottlieb et al. v. Miller et al., 154 Ill. 44.

The Gipps Brewing Company did not assume or agree to pay up the stock which had issued to Knoll. Upon the representation of the secretary as to the advantage of a credit to be gained by continuing to pay the monthly dues up to July 1st, it agreed to pay the association an amount as stated by the secretary, less the dividend to be declared in July following. The stock was not transferred to it and it has never made any claim to it. The decree of the Circuit Court will be affirmed.