## LAWSON, *Receiver,* v. WARREN.

No. 1682.   Opinion Filed March 19, 1912.

Rehearing Denied June 4, 1912.

(124 Pac. 46.)

1.   MORTGAGES—Assignment of One Note of Series—Priority of Assignee. Where a person holding all of a series of notes secured by mortgage assigns one of them, the assignee is entitled to be preferred to the assignor and the receiver of the assignor in the distribution of the proceeds of the mortgaged property.

2.   RECEIVERS—Title to Property—Interest Acquired. A receiver holds the property coming into his hands by the same right and title as the person for whose property he is receiver, subject to liens, priorities, and equities existing at the time of his appointment.

(Syllabus by Rosser, C.)

*Error from District Court, Logan County;*
*A. H. Huston, Judge.*

Action by Frank L. Warren against Lewis C. Lawson, Receiver, and others. Judgment for plaintiff, and Lawson brings error. Affirmed.

*C. Dale Wolfe,* for plaintiff in error.

*Warren & Miller,* for defendant in error.

Opinion by ROSSER, C. This suit was brought by Frank L. Warren against Robt. M. Lee, Guy Gamble, E. E. Nolen, and Lewis C. Lawson, as receiver of certain assets of the Arnold Mercantile Company, to recover on a certain note for the sum of $1,500 secured by vendor's lien on certain property in the town of Coyle, Okla. The petition alleges that Robt. M. Lee bought the property in Coyle from Gamble and Nolen, paying therefor $2,000 in cash, and giving two notes for the sum of $1,500 each, due, respectively, October 1, 1908, and October 1, 1909; that the notes were assigned to the Arnold Mercantile Company of Yeager, Okla., before maturity; and that the Arnold Mercantile Company indorsed the note due October 1, 1908, to Frank L. Warren, the plaintiff. It is further alleged that Lewis C. Lawson, as receiver of certain assets of the Arnold Mercantile Company, holds the other note. A foreclosure of the vendor's lien is prayed for, and also judgment against Robt. M. Lee, the maker of the note for $1,500, and that the proceeds of the property upon which the vendor's lien was retained be applied, first, to the note held by plaintiff, and, second, to the second note held by Lewis C. Lawson.

The evidence shows that the note sued upon was the first of the two notes coming due, and was assigned by the Arnold Mercantile Company to Frank L. Warren, before maturity, as collateral security for claims which he had for collection against that company. Within a few days after the assignment of the note to Warren, Lewis C. Lawson was appointed receiver to collect the second of the two notes. Judgment was rendered for plaintiff against Lee for the amount of the note with interest

and attorney fee, and also foreclosing the vendor's lien on the property in Coyle, and ordering it sold, and ordering that the proceeds be applied, first, to the payment of the note held by Warren, upon which judgment had been entered, and the balance upon the note held by the defendant, Lawson.

The sole question presented in this case is as to whether or not the first of the two notes, which was assigned to Warren, upon which suit was brought, is entitled to priority, or to be first paid out of the proceeds of the property for the price for which it was given.

The question of priority of a series of notes secured by one mortgage or vendor's lien, when in the hands of different parties, is a question upon which there is great diversity of opinion among the courts, and it would.not serve any good purpose to undertake to collect and weigh all the authorities bearing upon this question. The following extract from the case of *Penzel v. Brookmire*, 51 Ark. 105, 10 S. W. 15, 14 Am. St. Rep. 23, will show the extent of the divergency of views upon this subject, and also the reasons given for the various views maintained by the courts:

"In the absence of such stipulation or agreement, or special equities, the authorities are not agreed as to how the proceeds of the sale of property, mortgaged to secure the payment of several notes and sold under the mortgage, shall be appropriated, when the notes secured mature at different times, have been assigned to different persons, and the proceeds are not sufficient to pay all of them. One class holds that the notes shall be paid in the order of their assignment (*McClintic v. Wise*, 66 Va. 488 [18 Am. Rep. 694]; *Cullum v. Erwin*, 4 Ala. 452; *Griggsby v. Hair*, 25 Ala. 327; *Waterman v. Hunt*, 2 R. I. 298); another, that the notes should take precedence in the order of their maturity (*Mitchell v. Ladlew*, 36 Mo. 526, 530 [88 Am. Dec. 171]; *Sargent v. Howe*, 21 Ill. 148; *Vansant v. Allmon*, 23 Ill. 30; *Koester v. Burke*, 81 Ill. 436; *State Bank v. Tweedy*, 8 Blackf. [Ind.] 447 [46 Am. Dec. 486]; *Doss v. Ditmars*, 70 Ind. 451; *Marine Bank v. International Bank*, 9 Wis. 57, 64; *McVay v. Bloodgood*, 9 Port. [Ala.] 547; *Richardson v. McKim*, 20 Kan. 346, 450; *Hinds v. Mooers*, 11 Iowa, 211; *Walker v. Schrieber*, 47 Iowa, 529; *Wilson v. Hayward*, 6 Fla. 171, 190; *Kyle v. Thompson*, 11 Ohio St. 616; *Winters v. Franklin Bank*, 33 Ohio St. 250); and a third class that the proceeds should be applied *pro rata*

in part payment of the several notes, irrespective of their dates of maturity or assignment (*Donley v. Hays,* 17 Serg. & R. [Pa.] 400, 404; *Cowden's Estate Appeal,* 1 Pa. 278; *Mohler's Appeal,* 5 Pa. 418, 420 [47 Am. Dec. 413]; *Perry's Appeal,* 22 Pa. 43 [60 Am. Dec. 63]; *Grattan v. Wiggin,* 23 Cal. 16; *Dixon v. Clayville,* 44 Md. 573, 578; *English v. Carney,* 25 Mich. 178, 181; *McCurdy v. Clark,* 27 Mich. 445, 448; *Parker v. Mercer,* 6 How. [Miss.] 320, 324 [38 Am. Dec. 438]; *Cage v. Iler,* 5 Smedes & M. [Miss.] 410 [43 Am. Dec. 521]; *Pugh v. Holt,* 27 Miss. 461; *Andrews v. Hobgood,* 1 Lea [Tenn.] 693; *Exchange Bank v. Beard,* 49 Tex. 363; *Delespine v. Campbell,* 52 Tex. 4; *Wilson v. Eigenbrodt,* 30 Minn. 4 [13 N. W. 907]).

"The authorities which hold that the notes should be paid in the order in which they were assigned do so upon the ground that the debt secured was the principal and the mortgage an accessory, and that the transfer of a part of the debt carried with it the assignment of so much of the lien created by the mortgage as is necessary to pay the part assigned as effectually as it existed in the mortgage, and that no second assignment can divest the first assignee of his lien and preference.

"The courts adhering to the doctrine that the notes should be paid in the order of their maturity say that the debt is the principal thing and the mortgage to secure it is only an incident; that the assignment of the debt passes the mortgage without being referred to in the assignment; that 'the assignee of the debt takes the security by the assignment, in the same condition and to the same extent as it was held by the payee at the time of the assignment, as security for the debt assigned, and succeeds under it to all the rights of the assignor'; that the assignor, the payee, in the absence of a stipulation to the contrary, had the right to foreclose the mortgage when default should be made in the payment of the notes first falling due, and as each one should fall due, and satisfy them out of the proceeds in the order of their maturity, so far as the proceeds would extend, although there should not be enough to pay all; and that, therefore, inasmuch as the assignee, by the assignment of any one of the notes, succeeded to the rights which his assignor had, he has the right, in the event there is not enough to pay all, to be paid out of the mortgaged property so far as it will extend, according to the order in which his note stands in the line of maturity with the others secured by the mortgage, and that 'the different installments in a mortgage, when secured by corresponding notes, may be regarded as so many successive mort-

gages, each having priority according to its time of becoming payable.' * * *"

"We do not think that either of the doctrines laid down by the two classes of decisions first mentioned is sustained by reason or equity. The notes are secured by one mortgage, executed for the equal benefit of all. It does not provide that one note shall be preferred to the others, but secures all equally or *pro rata.* The legal title to the property mortgaged is conveyed and held for the benefit of all. The rights and interests acquired in the property begin with the date of the mortgage, and not from the maturity or assignment of the notes, or the time when the cause of action arises. There can be no priority of rights in favor of one against the others, as the mortgage is one. The simple assignment of the notes does not change the mortgage and make it any less security for any of the notes than it was before the assignment. The mortgage security in following the transfer of the notes as an incident does not pass by the assignment any farther than it was an incident at the time the transfer was made. The holders of the notes, therefore, stand *eaquile jure,* and consequently are entitled to participate ratably in the fund derived from security, if there be not enough to pay all."

See, also, *Nashville Trust Co. v. Smythe,* 94 Tenn. 513, 29 S. W. 903, 27 L. R. A. 663, 45 Am. St. Rep. 748, in which a number of authorities are cited, and which contains a lengthy discussion of the questions involved.

But these authorities do not apply to the facts of this case. This is not a conflict between two assignees, but is a conflict between the assignee of the first note and the receiver holding the second note, and as such standing in the shoes of Arnold Mercantile Company. In this case the second note was retained by the Arnold Mercantile Company, and, as between it and Warren, its assignee, equity would require that its assignee be first paid out of the mortgage fund.

"An assignee of the mortgage with part of the debt is generally entitled to payment in preference to the mortgagee who retains one of the notes; while, as between different assignees of mortgage bonds or notes, priority of assignment generally gives no preference, though the cases are not in harmony. * * *"

"Where a holder of a mortgage assigns a part of it, although he warrants only the existence of the debt at the time of the transfer, it would be contrary to good faith to permit him, after

receiving the money for this part of the claim, to come into competition with his assignee, if the property prove insufficient to pay the claims of both. Unless the intention be plainly declared on the face of the assignment that the assignee is to share *pro rata* in the security with the assignor, the equitable construction of it is that it must in the first place be applied for the payment of the part of the debt which was assigned." (Jones on Mortgages [6th Ed.] sec. 1701.)

See *Bryant v. Damon,* 6 Gray (Mass.) 564; *Knight v. Ray,* 75 Ala. 383; *Parkhurst v. Watertown. Steam Engine Co.,* 107 Ind. 594, 8 N. E. 635; *Cullum v. Erwin,* 4 Ala. 452.

"When the mortgagee assigns one or more of the notes, and retains the remainder of a series, it is generally held that the assignee is entitled to a priority of lien as against the mortgagee, with respect to the note or notes so transferred; and this rule operates without regard to the order in which the notes held by the two parties mature." (Pomeroy, Eq. Jurisprudence [3d Ed.] sec. 1203.)

*Alden v. White,* 32 Ind. App. 671, 66 N. E. 509, 102 Am. St. Rep. 261; *Whitehead v. Fisher,* 64 Tex. 639; *Douglass v. Blount,* 22 Tex. Civ. App. 493, 55 S. W. 526.

The syllabus in *Anderson v. Sharp,* 44 Ohio St. 260, 6 N. E. 900, is as follows:

"K. executed and delivered to T. three notes, payable to T.'s order, due in one, two, and three years from date, and a mortgage to secure their payment. Before either note became due, T. indorsed the notes, waiving demand and notice, and delivered both to A. with an assignment of the mortgage. The note maturing in one year not being paid when due was put in judgment against K. as maker and T. as indorser. K. being insolvent, T. paid the judgment. He then commenced suit to foreclose the mortgage, claiming the benefit of the mortgage security and a lien prior to the lien of A., who held the remaining two notes, which were then past due. A., by answer and cross-petition, alleged facts showing T.'s liability as indorser upon the two notes, that K. was insolvent, that the lands would prove insufficient to satisfy the whole mortgage debt, claiming priority of lien, praying foreclosure and full relief. Later S., on his motion, became plaintiff and filed supplemental petition averring purchase from T., and assignment of all his rights and interest in the mortgage and as plaintiff in the suit, and claiming priority of lien. The land was sold. The sum realized was

not sufficient to satisfy the whole indebtedness. *Held,* that A. was entitled to payment in full from the proceeds before application of the money to the claim of S."

And the same rule applies where a person to whom all of a series of notes have been assigned assigns one of the series to a third person. *Jenkins v. Hawkins,* 34 W. Va. 799, 12 S. E. 1090.

The reason the assignee is to be preferred is founded on the plainest principle of equity. When two notes are assigned to different persons, they are both presumed to have paid value, and they must share equally in the proceeds of the mortgaged property in order to preserve the equality which is equity. But to apply the same rule between the mortgagee and a person to whom he had transferred one of the notes would lead to inequality. For illustration, say that the mortgagee holds two notes for $1,000 each. He assigns one of them for value. The property securing their payment only brings $1,000, or enough to pay one note. If the mortgagee shares in the proceeds he will get out of the debt $1,500, the $1,000 he received for the first note and the $500 he receives from the proceeds of the mortgaged property, while the assignee for half the debt only receives $500. The mortgagee would thus receive more than if he had kept both notes. This is not right. The same illustration applies to the case of a person to whom all of a series of notes has been assigned and who afterwards assigns one of the series.

The receiver stands in the shoes of the Arnold Mercantile Company. His right is not greater than theirs. If the plaintiff had priority as against the Arnold Mercantile Company, he has the same right against the receiver. In *American Trust & Savings Bank v. McGettigan, Receiver,* 152 Ind. 582, 52 N. E. 793, 71 Am. St. Rep. 345, the court said:

"It is well established that, when a court takes possession of the property of an insolvent corporation, and appoints a receiver, such receiver 'is the arm of the court,' by which it administers the trust for the benefit of the creditors. But the court receives such property impressed with all existing rights and equities of creditors, and the relative rank of claims, and the standing of liens remains unaffected by a receivership. Every

legal and equitable lien upon the property of the corporation is preserved, with the power of enforcing it.   Gluck & Becker, Rec., sec. 6; 20 Am. & Eng. Enc. of Law, p. 407; *Woerishoffer v. North River, etc., Co.,* 99 N. Y. 398-402, 2 N. E. 407; *Hubbard v. Hamilton Bank,* 7 Metc. (Mass.) 340; *Minchin v. Nat. Bank,* 36 N. J. Eq. 436; *Snow v. Winslow,* 54 Iowa, 200, 6 N. W. 191; *Hale v. Frost,* 99 U. S. 389 [25 L. Ed. 419].   And it is as much the duty of the receiver, in administering an estate, to protect valid preferences and priorities, as it is to make a just distribution among the general creditors."

In *Nix v. Ellis,* 118 Ga. 345, 45 S. E. 404, 98 Am. St. Rep. 111, the court said:

"Assignees, trustees in bankruptcy, and receivers are not purchasers for value, and take the estate of an insolvent subject to all set-offs, liens, and incumbrances in the plight existing at the date to which his title is ultimately referred.   *Powers v. Central Bank,* 18 Ga. 658; *Georgia Seed Co. v. Talmage,* 96 Ga. 255, 22 S. E. 1001."

In *Ryder v. Ryder,* 19 R. I. 188, 32 Atl. 919, in a suit against a receiver to reform a mortgage given by the firm of which he was appointed receiver, the court said:

"As such receiver he took the property of the partnership, subject to the equity of the complainant to have the mortgage reformed.   We do not see that he occupies any better position with reference to the property to be included in the mortgage as reformed than that of an assignee under a general assignment for the benefit of creditors in respect to property conveyed by an unrecorded mortgage.   *   *   *   We understand it to be the established doctrine, both in England and in this country, that assignees in insolvency or bankruptcy, whose rights as representing the general creditors are certainly as great as those of a receiver of a partnership, in the absence of fraud and of statutory regulations, take only the debtor's rights, and consequently are affected with all claims, liens, and equities, which would affect the debtor if he himself were asserting his interest in the property.   *Mitford v. Mitford,* 9 Ves. 87; *Sherrington v. Yates,* 12 M. & W. 855; *Brown v. Heathcote,* 1 Atk. 160; *Winsor v. McLellan,* 2 Story, 492 [Fed. Cas. No. 17,887]; *Fletcher v. Morey,* 2 Story, 555 [Fed. Cas. No. 4,864]; *Mitchell v. Winslow,* 2 Story, 630 [Fed. Cas. No. 9,673]; *In re Griffiths,* 1 Low 431 [Fed. Cas. No. 3,540]; *In re Dow,* 6 N. B. R. 10 [Fed. Cas. No. 2,955]; *Coggeshall v. Potter,* 1 Holmes, 75 [Fed. Cas. No. 2,955]; *Johnson v. Patterson,* 2 Woods, 443

[Fed. Cas. No. 7,403]'; *Goddard v. Weaver,* 1 Woods, 257, 260 [Fed. Cas. No. 5,495] ; *In re Collins,* 12 N. B. R. 379 [Fed. Cas. No. 3,007] ; *Platt v. Preston* [D. C.] 3 Fed. 394; *Yeatman v. Savings Institution,* 95 U. S. 764 [24 L. Ed. 589] ; *Stewart v. Platt,* 101 U. S. 731, 739 [25 L. Ed. 815] ; *Hauslet v. Harrison,* 105 U. S. 401, 406 [26 L. Ed. 1075] ; *Adams v. Collier,* 122 U. S. 382 [7 Sup. Ct. 1208, 30 L. Ed. 1207] ; *Brown v. Brabb,* 67 Mich. 17, 22-32 [34 N. W. 403, 11 Am. St. Rep. 596] ; Jones on Chattel Mortgages, sec. 241."

In *Miller v. Savage,* 60 N. J. Eq. 204, 46 Atl. 632, the court said :

"His (the, receiver's) title to the property of the debtor is exactly the same as the title of the debtor himself at the moment when it goes into the receiver's hands."

The general principle is sustained by the following cases: *Kittredge v. Osgood,* 161 Mass. 384, 37 N. E. 369 ; *Cramer v. Iler,* 63 Kan. 579, 66 Pac. 617 ; *Reeves v. Pierce,* 64 Kan. 502, 67 Pac. 1108 ; *Smith v. Sioux City Nursery & Seed Co.,* 109 Iowa, 51, 79 N. W. 457 ; *Gillam v. Nussbaum,* 95 Ill. App. 277 ; *Link Belt Machinery Co. v. Hughes,* 174 Ill. 155, 51 N. E. 179 ; *Arnold v. Weimer,* 40 Neb. 216, 58 N. W. 709 ; *New Jersey Southern Railroad Co. v. Railroad Commissioners,* 41 N. J. Law, 235 ; *Commercial Publishing Co. v. Beckwith,* 167 N. Y. 329, 60 N. E. 642 ; *Battery Park Bank v. Western Carolina Bank,* 127 N. C. 432, 37 S. E. 461 ; *Pelletier v. Greenville Lumber Co.,* 123 N. C. 596, 31 S. E. 855, 68 Am. St. Rep. 837 ; *Scott v. Armstrong,* 146 U. S. 499, 13 Sup. Ct. 148, 36 L. Ed. 1059 ; *Southern Granite Co. v. Wadsworth,* 115 Ala. 570, 22 South. 157 ; *Crine v. Davis,* 68 Ga. 138 ; *Shinkle v. Knoll,* 99 Ill. App. 274 ; *Brownson v. Roy,* 133 Mich. 617, 95 N. W. 710 ; *Avery v. Ladd,* 26 Ore. 579, 38 Pac. 1088 ; *Kidder v. Beavers,* 33 Wash. 635, 74 Pac. 819.

The evidence shows that the plaintiff received the note sued upon as collateral security for accounts of other indebtedness of the Arnold Mercantile Company, which he had in his hands for collection, and in consideration of the note that he forebore to bring attachment to collect the indebtedness. This was a valuable consideration, and entitled him to all the rights of any other holder of a note for value. *Barton v. Ferguson,* 1 Ind. T. 263,

37 S. W. 49; *Farmers' National Bank v. McCall,* 25 Okla. 600, 106 Pac. 866, 26 L. R. A. (N. S.) 217, and authorities there cited.

It follows that the judgment of the lower court was correct, and should be affirmed.

By the Court: It is so ordered. . .