Fidelity Trust Co., Receiver, *v.* Henry S. Orr and Wife,
*et al.**

and

Knoxville Trust Co. *v.* Henry S. Orr, *et al.*

(*Knoxville.* September Term, 1926.)

Opinion filed November 20, 1926.

### 1. TRUST DEED. Lien notes. Priority. Insolvency. Deficit.

In equity an intention to prefer may be presumed from an endorsement, as where the holder of a series of notes secured by mortgage, transfers a part for value, representing to purchaser that all were amply secured, together with the guarantee of prompt and full payment afforded by the endorsement of notes transferred; retaining the remaining notes which pass to a receiver of transferrer for benefit of creditors; upon a sale of the mortgaged premises, from which less than the amount of all of said notes was realized, **held**, neither transferrer, nor his receiver, are entitled to payment out of proceeds of sale, until the holder of the notes first endorsed and transferred are paid in full. (Post, p. 541.)

Cases cited: Christian v. Clark, 10 Lea, 631; Menken v. Taylor, 4 Lea, 445; Hicks v. Smith, 4 Lea, 459, 19 R. C. L., pp. 659, 660; Fourth National Bank's Appeal, 123 Pa. St., 473, 10 A. S. Reports, 538; Lawson Rec'r v. Warren, 34 Okla., 94, 124 Pac., 46, 42 L. R. A. (N. S.), 183, 3 Tiffany on Real Property, p. 2551; Nashville Trust Company v. Smyth, 94 Tenn., 512.

### 2. SAME. Same. Same. Receiver.

Where the original holder transfers a part of the notes by endorsement for value, he becomes a surety to the endorsees, and if he afterwards becomes insolvent, a receiver, representing creditors,

---

*On priority as between holders of different notes secured by the same mortgage, see annotation in 42 L. R. A. (N. S.), 183; 19 R. C. L., pp. 659, 660.

such an assignee occupies no higher ground than did the original
seller.   (Post, p. 542.)

,Cases cited:   Fourth National Bank's Appeal, and Lawson v. War-
ren, supra.

---

*Headnotes 1. Mortgages, 27 Cyc., p. 1766; 2. Bankruptcy, 7 C. J.,
section 173 (Anno.).

---

## FROM KNOX.

---

Appeal from Chancery Court of Knox County.—HON.
E. R. TAYLOR, Chancellor.

J. H. ANDERSON, TURNER, CATE & CATE and S. E. N.
MOORE, Solicitors for Fidelity Tr. Co., Receiver.

BOWEN & BOWEN, Solicitors for Knoxville Tr. Co.

FOWLER & FOWLER and R. C. COWAN, Solicitors for Hen-
ry S. Orr, et al.

MR. JUSTICE CHAMBLISS delivered the opinion of the
Court.

Knoxville Trust Company was the owner of $8500
of notes executed by one Robbins, secured by a deed of
trust on certain lands.   The Trust Company sold to
Cowan three of these notes of $1000 each and retained
two of the notes of $1000 each, and sold to other parties
the remainder of the series of notes.   The officer of the
Trust Company represented to Cowan, at the time of the
sale of the notes to him, that they were amply secured,

and Cowan relied on this representation in making the purchase. Also, Knoxville Trust Company endorsed the notes at the time, thus guaranteeing the prompt payment in full thereof.

The notes being in default foreclosure was had under the trust deed and the property realized but $3500. Meanwhile, Knoxville Trust Company was thrown into bankruptcy and the complainant herein, Fidelity Trust Company, is its receiver. A foreclosure bill was first filed by Knoxville Trust Company and subsequently a bill seeking foreclosure and seeking to enjoin the original proceeding was brought by Fidelity Trust Company, as receiver. An intervening petition was filed by Cowan in the causes, which were consolidated, setting up his purchase and ownership of the $3000 of notes, and asserting priority in distribution of the proceeds over the $2000 of notes retained by Knoxville Trust Company, and which had, upon its failure, passed into the hands of its receiver. The chancellor sustained this priority as against the receiver and from his action this appeal was had. The question thus presented has not heretofore been passed upon by this court.

For the receiver it is contended that in the absence of a contract between the seller of a portion of notes secured by a mortgage, vendor's lien, or deed of trust, purporting to be equally secured by the lien, the rule of equality in distribution of the proceeds of sale applies, and it is insisted that the facts stipulated in this case show no such contract.

For the petitioner, Cowan, it is insisted that the representation made by the seller at the time that the notes sold were amply secured, together with the guarantee

of prompt and full payment, afforded by the endorsement by the seller to the purchaser of these three note, will in equity be given the same effect as an express contract. While it is conceded that the question thus presented is an open one in Tennessee, textbooks and decisions in other States are relied on, and it is further insisted that this view is consistent with expressions to be be found in opinions of this court. For example, in *Christian* v. *Clark,* 10 Lea, 631, Mr. Justice COOPER for this court said: ''The parties may, by contract, give a preference to the holder of one of the notes; *Menken* v. *Taylor,* 4 Lea, 445; *Hicks* v. *Smith,* 4 Lea, 459. *And they may also by their conduct create an equity which will equally give such preference.*'' (Italics ours.) The following apt quotation is taken from 19 *R. C. L.,* pages 659, 660:

''But even in the courts that apply the *pro rata* rule there is some conflict as to its application between an assignor and his assignee. By some the equity arising out of the fact that the holder of one note is the assignee of the holder of the other is held to be strong enough to take the case out of the general rule. . . . But neither an assignor of notes, nor another whose equity rises no higher, can compete, as the holder of other notes secured by the same mortgage, with the assignee, if the assignor has endorsed the assigned notes so as to become liable thereon. If the original holder transfers a part of the notes by endorsement for value, he thereby becomes a surety to the endorsees, and if he afterwards becomes insolvent, neither he nor his assignee for the benefit of creditors can receive payment out of the proceeds of the

sale of the mortgaged premises until the holders of the notes so transferred are paid in full.''

A case apparently much in point, is *Fourth National Bank's Appeal,* 123 Pa. St., 473, 10 A. S. Reports, 538. The headnote fairly states the holding as follows: ''As a general rule, when the holder of a number of promissory notes secured by mortgage parts with some of them, retaining the rest, and the sum realized from a sale of the mortgaged premises proves insufficient to pay the notes in full, distribution must be made *pro rata* among all the holders; but if the original holder transfers a part of the notes by indorsement for value, he thereby becomes a surety to the indorsees, and if he afterwards becomes insolvent, neither he nor his assignee for the benefit of creditors can receive payment out of the proceeds of the sale of the mortgaged premises until the holders of the notes so transferred are paid in full.''

Very much in point is the case of *Lawson, rec'r* v. *Warren,* 34 Okla., 94, 124 Pac., 46, 42 L. R. A. (N. S.), 183. The headnote reads: ''Where a person holding all of a series of notes secured by mortgage assigns one of them, the assignee is entitled to be preferred to the assignor and the receiver of the assignor in the distribution of the proceeds of the mortgaged property.'' The court declares that ''the reason the assignee is to be preferred is founded on the plainest principle of equity,'' and proceeds to illustrate forcibly this view.

3 Tiffany on Real Property, page 2551, is to the same effect: ''If the transferree, in making the transfer of part of the debt, makes himself expressly liable, by guarantee or otherwise, for the payment of that part, as for instance he may do by endorsing part of the notes given

for the debt, he cannot assert any right to participate in the mortgage fund, until the part of the debt for which he is thus liable has been paid.''

The Fidelity Trust Company, by its receiver, has come into a court of equity for relief and adjudication of its rights and principles of equity apply. The view announced in the authorities above quoted appears to be equitable and reasonable and is not in conflict with the general rule adopted in this State, announced, after full discussion, in *Nashville Trust Company* v. *Smythe,* 94 Tenn., 512. It will be observed that it is said in the opinion in the case last cited that, ''the rule adopted in Tennessee is that the assignees of the several notes share pro rate, *if there is nothing in the contract of assign‑ ment, or in the intention of the parlies, to vary the rule.''* (Italics ours.) As thus announced, there is no conflict presented. In equity an intention to prefer may be presumed from the endorsement.

While it appears that the original seller has become insolvent and the notes are held by its receiver, representing its creditors, such an assignee occupies no higher ground than did the original seller. In both *Fourth Na‑ tional Bank's Appeal,* and *Lawson* v. *Warren,* supra, this particular question was dealt with and numerous authorities cited.

It will be observed that running through the opinion by Mr. Justice Snodgrass in *Trust Company* v. *Smythe,* *supra,* there is a recognition, with emphasis thereon, of a distinction between the *status* of notes in the hands of other purchasers or assignees—innocent, in fact, third parties—and those remaining in the hands of the original holder. It was a question of notice to these other

purchasers which provoked elaborate discussion. As said by Mr. Justice Snodgrass, both "the weight of authcrity is, and the clear rule of reason is, that as between the original parties . . . the assignment of such a negotiable note by vendor or mortgagee may vest in the assignee a right superior to that of the assignor, the vendor or mortgages."

In giving effect in the instant case to what we conceive to be the equities as between the original parties, in the absence of a contract in terms, it is not the intention to announce a rule which would extend to purchasers holding other notes without notice.

The decree of the Chancellor is affirmed.