[L. A. No. 717.    Department One.—November 9, 1900.]

FARMERS' EXCHANGE BANK OF SAN BERNARDINO, Respondent, v. J. S. PURDY et al., Defendants. W. C. MAIR, Assignee of Estate of J. S. Purdy in Insolvency, Appellant.

Mortgage to Corporation—Acknowledgment Before Interested Officer—Objection by Assignee of Insolvent Mortgagor.—The assignee in insolvency of the estate of an insolvent mortgagor merely represents his creditors, and is not a subsequent purchaser for value and in good faith, and cannot contest the validity of a prior mortgage of the insolvent to a corporation on the ground that the acknowledgment was void because taken before a notary public, who was an officer of the corporation, holding stock therein.

Id.—Object of Acknowledgment—Record.—The only object of an acknowledgment is that the instrument may be recorded, unless the statute makes it essential to the validity of the instrument.

Id.—Validity of Unacknowledged Mortgage—Insolvency of Mortgagor.—An unacknowledged and unrecorded mortgage is valid between the parties, and it is equally valid as against the subsequent assignee in insolvency of the mortgagor if it was not executed in violation of the provisions of the Insolvent Act.

APPEAL from a judgment of the Superior Court of San Bernardino County. Frank F. Oster, Judge.

The facts are stated in the opinion.

L. M. Sprecher, and George B. Cole, for Appellant.

Under section 59 of the Insolvent Act of 1895 an acknowledgment of the mortgage was necessary to give it validity as against the assignee in insolvency. A notary beneficially interested is disqualified from taking an acknowledgment. (Proffatt on Notaries, sec. 35; *Merced Bank v. Rosenthal*, 99 Cal. 39; *Lee v. Murphy*, 119 Cal. 364; *Jones v. Porter*, 59 Miss. 628; *Wilson v. Traer*, 20 Iowa, 231.)

Otis & Gregg, for Respondent.

The acknowledgment of the mortgage was not void, no disqualification of the notary appearing upon the face of the instrument. (*Merced Bank v. Rosenthal*, 99 Cal. 39; *Lee v. Murphy*, 119 Cal. 364; *Stevens v. Hampton*, 46 Mo. 404; *Benson Bank v. Hove*, 45 Minn. 40.) There is no proof of bad faith in the case. (*Cooper v. Hamilton etc. Bldg. etc. Assn.*, 97 Tenn. 285.[1]) The mortgage, if not properly acknowledged or recorded, is valid between the parties (*Landers v. Bolton*, 26 Cal. 393; *Hastings v. Vaughn*, 5 Cal. 315), and as against the assignee in insolvency of the mortgagor, there being no violation of the Insolvent Act. (*Francisco v. Aguirre*, 94 Cal. 183, 184.)

COOPER, C.—This action was brought to foreclose a mortgage made by defendant Purdy to plaintiff. Findings were filed, upon which judgment was entered for plaintiff. This appeal is from the judgment.

---

[1] 56 Am. St. Rep. 795.

The findings are unchallenged, and show that on January 26, 1898, the defendant Purdy executed his promissory note to plaintiff for three thousand dollars with interest, and at the same time executed and delivered the mortgage set forth in the complaint as security for the payment thereof; that the said note is overdue and unpaid. After the execution of the note and mortgage, and on February 26, 1898, defendant Purdy was adjudged insolvent, and appellant Mair appointed assignee in the insolvency proceedings. As such assignee he filed an answer and contested, and now contests, the validity of the mortgage upon the ground that it was acknowledged before a notary public who was at the time a stockholder and the cashier of plaintiff. This is the sole question in the case. The court found: "That on the twenty-sixth day of January, 1898, the said defendant, J. S. Purdy, executed and delivered unto the plaintiff herein the promissory note and mortgage set forth in the complaint herein, as one and the same transaction. That said mortgage was acknowledged by said J. S. Purdy before one S. F. Zombro, a notary public in and for said county of San Bernardino, duly qualified, commissioned and sworn as such notary public; the said Zombro being, at the time of the taking of said acknowledgment, the cashier of the plaintiff corporation and a director thereof, and interested as a stockholder in said plaintiff corporation to the extent of holding thirty shares of the capital stock of said corporation out of a total issue of one thousand shares of the capital stock thereof."

It is argued that the acknowledgment is void and that the mortgage was not entitled to be recorded, and is therefore void as to appellant. We do not think it necessary to discuss the validity of the acknowledgment, nor the effect of recording the mortgage as notice. The mortgage was valid as between the parties without being acknowledged. (Civ. Code, sec. 1217; *Landers v. Bolton*, 26 Cal. 405; *Grant v. Oliver*, 91 Cal. 163.)

The only object of an acknowledgment is that the instrument may be recorded, unless the acknowledgment is by statute made essential to the validity of the instrument. (Civ. Code, secs. 1091, 1217.)

A mortgage, though not recorded, is valid as to all persons, except subsequent purchasers or mortgagees for value and in

good faith whose conveyance is first duly recorded. (Civ. Code, sec. 1214; *Warnock v. Harlow*, 96 Cal. 306[2]; *Bank of Ukiah v. Petaluma Sav. Bank*, 100 Cal. 591.)

The appellant only represents the creditors of the insolvent, Purdy. He is not a subsequent purchaser or mortgagee for value or in good faith or otherwise. It follows that he is in no position to question the validity of the mortgage upon the ground that it was not properly acknowledged. It is claimed that under section 59 of the Insolvent Act of 1895 the mortgage was not in fact made until recorded, and that it was never in fact recorded because not entitled to be recorded. The clause of the section relied upon is as follows: "All assignments, transfers, conveyances, mortgages, or encumbrances of real estate shall be deemed, under this section, to have been made at the time the instrument conveying or affecting such realty was filed for record in the county recorder's office of the county or city and county where the same is situated." As applied to this case, the clause refers to the antecedent provisions of the section to the effect that a debtor who being insolvent or in contemplation of insolvency, within one month prior to the filing of a petition, by or against him, with a view to give a preference to any creditor, makes a mortgage to one who has reasonable cause to believe such debtor insolvent, and that such mortgage is made with a view to prevent his property from coming to his assignee in insolvency or to prevent the same from being distributed ratably among his creditors, or to defeat the object of, or hinder or impede the operation of, any of the provisions of the act, such mortgage shall be void. The contention is fully answered by the fifth finding of the court, in which it is found that the mortgage was not made in contemplation of insolvency, or with a view to give any preference to plaintiff, and that plaintiff did not have any reasonable cause to believe that Purdy was insolvent at the time the said mortgage was made. This finding is in no way challenged, and hence, as the mortgage was not one mentioned in section 59, the clause of the section quoted has no application. The mortgage, when offered in evidence, was objected to upon various grounds, which, taken together, went to the question of the alleged defective acknowl-

[2] 31 Am. St. Rep. 209.

edgment.  The objections were properly overruled.  Counsel for appellant says in his opening brief: "The object of an acknowledgment is twofold—to entitle the instrument to be used as evidence without further proof, and to enable it to be recorded."  The objections, as before stated, went to the acknowledgment.  There is no objection that the mortgage was not in fact made as alleged.

We advise that the judgment be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.       Harrison, J., Van Dyke, J., Garoutte, J.