[S. F. No. 2620.    Department One.—April 5, 1904.]

## MARY A. TALCOTT, Appellant, v. E. C. HURLBERT et al., Respondents.

CHATTEL MORTGAGE — WANT OF ACKNOWLEDGMENT — VALIDITY — CONSTRUCTION OF CODE.—A chattel mortgage, properly verified and recorded without acknowledgment, though void as to the creditors of the mortgagors, is not void as between the parties, nor as to a purchaser with actual notice, nor as to any parties not included in the classes named in section 2957 of the Civil Code. The words of the statute cannot be extended by implication to other classes of persons than those named.

ID.—ASSUMPTION OF DEBT BY PURCHASER—NOVATION—LIEN NOT EXTINGUISHED—ESTOPPEL.—Where a corporation purchased the mortgaged property and assumed the payment of the mortgage debt, in consideration of the release. of the mortgagors from personal liability, the novation thus accomplished did not operate to extinguish the lien of the mortgage; and the corporation is estopped from claiming the property as free from the mortgage lien, as against the mortgagee, or his assigns.

ID.—INSOLVENCY OF PURCHASER—RIGHTS OF ASSIGNEE—REPRESENTATION OF CREDITORS—EFFECT OF NOVATION.—The assignee in insolvency of the corporation purchaser can be allowed no greater rights than the corporation to dispute the mortgage lien as against the mortgagee or his assigns. Although such assignee properly represents the creditors of the purchaser, he does not represent the creditors of the mortgagors. The novation of the debt and the assumption thereof by the corporation did not have the effect to make the corporation the mortgagor, nor place the corporation where it is in the same position as the mortgagors, as to its creditors.

APPEAL from a judgment of the Superior Court of Santa Clara County. M. H. Hyland, Judge.

The facts are stated in the opinion.

H. V. Morehouse, for Appellant.

John G. Jury, for George Hansbrow, Respondent.

Gordon & Young, for J. V. A. Rey, and Palmer & Rey, Respondents.

COOPER, C.—This action was brought to foreclose a mortgage on certain personal property described in the complaint. Judgment was entered against plaintiff and defendants Hurlbert, Woolfolk, and Rey, and in favor of intervener, Hansbrow. Defendants have not appealed. Plaintiff prosecutes this appeal from the judgment in favor of intervener, and the contest is here between plaintiff and respondent Hansbrow.

The findings show the following to be the material facts: On the eighteenth day of July, 1893, E. C. Hurlbert and C. A. Woolfolk made and delivered their promissory note to one Hall for five hundred dollars, due October 18, 1893, with interest from date until paid, at the rate of one per cent per month, and, to secure the same, executed and delivered a chattel mortgage upon the personal property described in the complaint. The mortgage was properly verified as required by law, but was not acknowledged by the mortgagors. It was on the following day recorded in the proper book for recording chattel mortgages, in the recorder's office of Santa Clara County, being the county in which the property was situated.

The note and mortgage were, after maturity, assigned to one Coke, who afterwards assigned the same to plaintiff, who has ever since been the owner thereof.

On September 6, 1893, the said Hurlbert and Woolfolk, with other parties, organized a corporation, and incorporated as the "Hurlbert Printing Company." At the time of forming the said corporation Hurlbert and Woolfolk were indebted to various creditors, including Hall, the mortgagee, the said indebtedness amounting to $3,874.74. The printing material and plant of Hurlbert and Woolfolk being the property mortgaged to Hall, were transferred to said corporation, and it was agreed by and between the corporation and the

creditors of Hurlbert and Woolfolk, that the corporation should assume and pay all the creditors, and that the creditors should release the said Hurlbert and Woolfolk from all the indebtedness so due said creditors. The corporation was by such agreement substituted as the debtor of all of said creditors, and the said Hurlbert and Woolfolk were released from all claims on account of the said indebtedness. To this arrangement Hall, who then owned the note and mortgage, assented, but he did not release the lien of the mortgage nor agree to release the same, nor has the note secured thereby been paid.

On the twenty-ninth day of January, 1896, the said corporation was duly adjudged insolvent, and George R. Hansbrow, the intervener, was appointed and qualified as assignee of the said insolvent corporation. As such assignee he claims to represent the creditors of said insolvent corporation, and contests the validity of the plaintiff's mortgage. The assignee of said insolvent corporation, solely in his capacity as such, claims that the said mortgage is void under section 2957 of the Civil Code, which, so far as material here, is as follows: "A mortgage of personal property is void as against creditors of the mortgagor . . . unless . . . it is acknowledged or proved, certified and recorded, in like manner as grants of real property."

It is clear under the above section that the mortgage to Hall was void as to any creditor or creditors of the mortgagors Hurlbert and Woolfolk. But it was not void except as to the classes of persons named in the section. Here there is no creditor of the mortgagors before the court as such. We cannot extend the words of the statute to parties not included in the classes named in it. The corporation succeeded to the property mortgaged, but this did not make the corporation the mortgagor. It was a subsequent purchaser of the property, but with full knowledge of the mortgage to plaintiff's assignor. Not only this, but it agreed to pay the mortgage debt. Upon the faith of this agreement, Hall, the mortgagee, released the mortgagors from personal liability. The corporation has not kept its agreement and paid the debt. It will not be allowed to procure the release by Hall of Hurlbert and Woolfolk upon its promise to pay, and, after refusing to pay, hold the property free from the lien of the

mortgage. The only consideration for the release of the original mortgagors by Hall was the agreement of the corporation to pay Hall the amount of his mortgage. Although the consideration has wholly failed, and the mortgage has not been paid, the respondent seeks to hold the property free from the mortgage lien. The corporation is estopped from claiming the property as against plaintiff without first paying the amount due plaintiff. The assignee can be allowed no greater rights than the corporation would have had in the case. It is true that an assignee in insolvency proceedings may maintain an action to set aside conveyances in fraud of creditors, but such assignee must represent creditors of the party who made such fraudulent or void transfer. Here no assignee of Hurlbert and Woolfolk is representing their creditors, if any they have. It is insisted by respondent that a complete novation was made as to the debt due Hall from the mortgagors, and that it follows that the corporation was thenceforth to be treated as the mortgagor. The findings show a novation by the substitution of the corporation as debtor to Hall in the place of the mortgagor. (Civ. Code, sec. 1531.) But there was no novation as to the security held by Hall. He did not release his security, nor was there anything said about such release. In *Kausler* v. *Ford,* 47 Miss. 289, the question of a novation as to the debt, but not as to the lien, is discussed, and it is said: "The novation of the debt, or any part of it, by substituting a new note, does not raise or discharge the lien. So long as the original debt, or any part of it, can be traced into the new note, the lien security follows it." Nor did the novation make the corporation the mortgagor, or place it in a position where it stood in the same position as the mortgagors, as to its creditors. *Creditors of the mortgagor* does not mean any more than is expressed. It does not mean creditors of a third party to whom the mortgagor afterwards conveys the property, even if the third party assumes and agrees to pay the mortgage debt. The words of the statute are not to be extended by implication to other classes of persons than those named. (*Farmers' Ex. Bank* v. *Purdy,* 130 Cal. 455; *First National Bank* v. *Menke,* 128 Cal. 103.)

As to defendant Rey, who filed a cross-complaint setting up a·subsequent mortgage on the same property by the cor-

poration, the court held his mortgage void, and he has not appealed. The plaintiff's mortgage being valid as to all parties in this proceeding, it will be necessary for the court, upon the testimony now before it, or such other evidence as may be offered, to find the amount due plaintiff and make the proper decree.

It is advised that the judgment as to plaintiff be reversed.

Chipman, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment as to plaintiff is reversed.

Shaw, J., Angellotti, J., Van Dyke, J.