[L. A. No. 1287.   Department Two.—July 13, 1904.]

## GEORGE H. PAYNE, Appellant, v. CHARLES E. MOREY et al., Respondents.

MORTGAGE—DEED ABSOLUTE—UNRECORDED DEFEASANCE — ENCUMBRANCE BY GRANTEE—NOTICE—CONSTRUCTION OF CODE.—Section 2925 of the Civil Code, providing that a defeasance of an absolute title is inadmissible against the holder of a subsequent encumbrance for value without notice, applies both to real and personal property. Section 2950 of the same code applies to real property alone, in which case a grant absolute in form is not defeated or affected by an unrecorded defeasance as against any person other than the grantee or his heirs or devisees, or persons having actual notice, and the words of the latter section are not to be extended by implication to any class of persons not named therein.

ID.—MORTGAGE BY GRANTEE FOR FUTURE SERVICES—IGNORANCE OF DEFEASANCE.—A mortgage by the grantee in the deed absolute, to secure services to be rendered in the future to one who had no actual knowledge of an unrecorded defeasance, will prevail as against the defeasance and the mortgage by deed absolute, and· as against the grantees of such grantee and of the holder of the defeasance, which grantees took full title subject to such mortgage.

APPEAL from a judgment of the Superior Court of San Diego County.   E. S. Torrance, Judge.

The facts are stated in the opinion.

Puterbaugh & Puterbaugh, for Appellant.

James E. Wadham, for W. W. Stewart, Respondent.

SMITH, C.—The suit was brought in the lower court to foreclose a mortgage of date September 19, 1898, given by defendant Morey to one Rawson, plaintiff's assignor, to secure

the promissory note of the former to the latter for the sum of five hundred dollars, payable one year after date. The court below gave judgment for the plaintiff against Morey for the amount of the note with attorney's fee and costs; but it was adjudged that he was not entitled to foreclose; and judgment was rendered for the defendant Stewart that he was the owner of the land described in the mortgage, free of any lien on account thereof, and for his costs. The plaintiff appeals from this portion of the judgment, and the case, as presented by the findings—which are not questioned—is as follows:—

At the date of the mortgage in suit the apparent title to the land mortgaged, as shown by the record, was in the mortgagor, Morey, who was the grantee in a deed from one Davis, then owner, of date December 27, 1897, purporting to convey to him the land. But the deed was accompanied by a separate instrument, of even date, signed by Morey, showing that it was executed as security for the payment of a note, of even date, from Davis to Morey, for the sum of four thousand dollars. The defeasance, it seems, was not recorded, and from the findings, taken in connection with the answer of the defendant Stewart, it may be inferred that Rawson had no notice of it or of the nature of the transaction when the mortgage was made to him, or afterwards, until the third day of December following; when, it is found, he received such notice.

The plaintiff became the owner of the note and mortgage in suit by assignment of Rawson, September 9, 1899, but does not claim to have acquired any additional rights as purchaser for value without notice. The consideration of the note, it is found, consisted in "services as attorney at law to be thereafter rendered by said . . . Rawson in an action then expected to be soon commenced" by Davis against Morey; which suit was in fact commenced December 15, 1898, and is still pending; and in which Rawson appeared as attorney of Morey, and is still such. But it is found that on the 3d of December, 1898, the date when Rawson received notice of the defeasance, no services had been performed by him as such attorney, other than coming from Alameda County to San Diego, at the request of Morey, November 11, 1898.

The interest of the defendant Stewart in the case is, as assignee of Morey of the Davis note of four thousand dollars; and as grantee in a deed of conveyance of the land, of date

March 30, 1900, from the defendant Codd; to whom, by deed of date March 18, 1899, Davis had conveyed such interest as was left in him after his deed to Morey. The date of Morey's assignment to Stewart is not found, but it appears from his answer that it was subsequent to the date of the mortgage sued on; and it is not claimed that he took the assignment, or either he or his grantor, Codd, his conveyance of the land, without notice of the mortgage.

The questions involved stand therefore as though the suit were between the original parties to the mortgage sued on and the previous deed,—that is to say, between Rawson, Morey, and Davis,—being in no way affected by the subsequent transactions; and this indeed seems to have been the view of the court below, and of the counsel in the case.

The position of the appellant is, that the obligation of Rawson, which was the consideration of Morey's note and mortgage, being in its nature indivisible, and having been partly performed before he received notice of the defeasance, his relation to the previous transaction is that of "a subsequent . . . encumbrancer for value and without notice"; against whom, by the express terms of the statute, proof of the defeasance was inadmissible. (Civ. Code, sec. 2925.) On the other hand, it is claimed on behalf of the respondent that the consideration had not been wholly rendered before Rawson received notice of the nature of the transaction, and that he should then have rescinded or abandoned the contract; and this seems to have been the view of the court; as otherwise the provisions of the statute cited would seem to apply. But under the view we take of the case, this question, we think, need not be determined.

The provision cited (Civ. Code, sec. 2925) undoubtedly applies to all transactions of the kind described, whether concerning real or personal property. But there is another section of the Civil Code—namely, section 2950—which, with reference to real property, establishes in favor of the purchaser a somewhat more liberal rule; which is that in cases of this kind, the defeasance not being recorded, the "grant is not defeated or *affected* as against any person other than the grantee or his heirs or devisees, or *persons having actual notice.*" It cannot be claimed, in this case, that the mortgagee Rawson came within any of the classes specified; and (as has

been held with reference to another provision of the code) "the words of the statute are not to be extended by implication to other classes of persons than those named." (*Farmers' Exchange Bank* v. *Purdy,* 130 Cal. 455; *First National Bank* v. *Menke,* 128 Cal. 103; *Talcott* v. *Hurlbert,* 143 Cal. 4.) As to Rawson, therefore, and his assignee, the plaintiff, the recorded deed from Davis to Morey must be regarded as being what in its terms it purports to be—namely, a conveyance of the land. As to Davis and Morey, the transaction was, indeed, a mortgage only; and hence by the subsequent deeds of Davis to Codd, and of the latter to Stewart, Stewart acquired the title; but his title is subject to the prior mortgage of the plaintiff.

There are other considerations that might lead to the same conclusion; as, for example, that it would be grossly inequitable to permit Morey to take advantage of his own fraud, by averring the transaction to be different from what he represented it to be; and that the defendant Stewart stands in no better case than his assignor. But in view of the explicit terms of the statute it will be unnecessary to enter upon these considerations.

We advise that the judgment be reversed and the cause remanded, with directions to enter judgment for the plaintiff on the findings for the foreclosure of his mortgage for the sums adjudged him.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to enter judgment for the plaintiff on the findings, for the foreclosure of his mortgage for the sums adjudged him.

McFarland, J., Henshaw, J., Lorigan, J.