THE FIDELITY TRUST COMPANY

*v.*

STATEN ISLAND CLAY COMPANY et al.

[Decided November 22d, 1905.]

An unrecorded chattel mortgage, unaccompanied by a change of possession of the property, is void as to creditors of a purchaser of the mortgaged property subject to the mortgage.

On bill to foreclose.

*Mr. Samuel W. Beldon,* for the complainant.

*Mr. John M. Dickinson,* for S. Meredith Dickinson, receiver, defendant.

BERGEN, V. C.

The questions presented on the final hearing of this cause having been disposed of in accordance with the situation then existing, application is now made for a rehearing, and an order permitting the defendant Dickinson to amend his answer so that it may set out that, as receiver of the defendant corporation, he represents creditors whose debts are unpaid, and also for permission to submit testimony in support of such amendment, it

being suggested to the court that this defence was inadvertently overlooked by counsel on the former hearing. The application, being made on behalf of creditors, is well addressed to a court of equity, and should receive favorable consideration if *bona fide* creditors will be benefited thereby. The complainant resists this application upon the ground alone that, admitting the applicant's claim to be true in fact, no relief can be given. The contest relates to the lien of a chattel mortgage on personal property, which, for want of proper record, the complainant concedes is void as to creditors of the mortgagor. The mortgage was given by the Staten Island Terra Cotta Lumber Company. It was never recorded, and the mortgaged chattels remained in the possession of the mortgagor, by whom they were sold in bulk to the defendant company, of which the present applicant is the receiver appointed in insolvency proceedings. The sale was made subject to the mortgage, so that the purchaser took with notice of the mortgage, and, as between it and the mortgagee, it was a valid encumbrance. The applicant now claims the right to contest the validity of this mortgage as the representative of the creditors of such purchaser, it not appearing that there are any creditors of the mortgagor. The complainant puts its resistance to the granting of the application upon the ground that the statute declares such an unrecorded mortgage void only as to the creditors of the party giving the mortgage, and that the advantage which the law gives to the creditors of a mortgagor where the mortgage is not recorded does not extend to creditors of a purchaser from the mortgagor. The pertinent words contained in the Chattel Mortgage act are: "shall be absolutely void as against the creditors of the mortgagor." The complainant contends that these words have a limited meaning, and that if there are no creditors of the person who gave the mortgage, there is no such "mortgagor" as the act contemplates, and that the mortgage is good, though unrecorded, not only against the purchaser with notice, but also against the creditors of such purchaser, even though they have dealt with and extended credit to him, as the owner of the goods, without actual or constructive notice that such chattels are subject to the lien of the mortgage.

Before the Recording act, chattel mortgages, unaccompanied by change of possession, were *prima facie* fraudulent, as to creditors, mortgagees or purchasers, without notice, the fraud inferred, however, being subject to explanatory evidence of the *bona fides* of the transaction, and the act referred to was passed to enable the holder of a mortgage to permit the owner to retain possession, and at the same time warn all who might give credit to the owner because of his possession of the goods that there was an outstanding claim against them. *Knickerbocker Trust Co.* v. *Penn Cordage Co., 65 N. J. Eq. (20 Dick.) 181, 185.*

This mortgage, in the absence of the statute, would be void as to every creditor of a subsequent owner of the goods who might obtain a lawful lien thereon, because possession of the goods had not been taken by the mortgagee, unless such non-transfer was satisfactorily explained, for such neglect to take possession was held to be *prima facie* fraudulent. We must therefore consider to what extent the Recording act has changed the relation of the parties to such a contract. By its terms, a mortgage on chattels, unaccompanied by possession, is made absolutely void as to the creditors of the mortgagor, the purpose of the act being to protect persons in extending credit to one having the visible possession and ownership of chattels, unless the mortgagee saw fit to make public, in the manner required by law, his claim against such goods. To read the act in the restricted sense now contended for would aid in the perpetration of the very fraud which at common law was so strongly condemned, for the mortgagee with his secret claim could stand by and permit the original mortgagor to dispose of the chattels in bulk, subject to his mortgage, and thus allow the purchaser to deal with his creditors as the owner of unencumbered property. As the mortgagee with knowledge of the transfer by the mortgagor to a third party, as is the case here, could reduce the goods to its possession, it has, in my opinion, no greater protection for its unrecorded mortgage against the creditors of the purchaser than it would have had against the creditors of the mortgagor, and having permitted a new owner to retain the possession of the goods, that owner becomes, within the meaning of the statute, a mortgagor.

The complainant's claim is that he is relieved from the consequences of his neglect to take possession, which under the common law renders his mortgage *prima facie* fraudulent, because under the Recording act the failure to record where the possession of the mortgaged property remains unchanged only avoids the mortgage as to the persons named, and that as to all others it is a valid encumbrance. In other words, a chattel mortgage, unaccompanied by change of possession of the property, is, because of the act, a stronger security than it was before, and that no fraud can be imputed for want of record in such cases, so that instead of being *prima facie* fraudulent, it is good against everyone, other than the limited class named in the statute. This reasoning does not convince me as being sound, for I think the words and plain intent of the act are against such construction, and that it makes all such mortgages void as against the creditors of any owner holding the property subject to such unrecorded mortgage with the knowledge and consent of the mortgagee. When conditions change, and innocent parties may suffer, it becomes the duty of the mortgagee to warn them by taking possession, if he desires to obtain priority of lien.

My conclusion is that, under the conditions present here, this mortgage is void as against the creditors of the purchaser from the mortgagor, and that the Recording act does not remove the imputation of fraud which the common law attached to a chattel mortgage of goods unaccompanied by change of possession, and that while it may not be void as to the purchaser because of notice, such notice is not chargeable to his creditors. It therefore follows that if this applicant can support with evidence the allegations he proposes to incorporate in his amended answer, this mortgage would be void as to such creditors, and I will allow the motion.