## In re GEORGE W. SHIEBLER & CO.

### (District Court, E. D. New York.  April 14, 1908.)

**1. BANKRUPTCY—PAYMENTS BY BANKRUPT TO ATTORNEY—PROCEEDINGS TO TEST VALIDITY.**

Proceedings to test the propriety of payments made by a bankrupt to his attorney for services previously rendered, as well as those to be rendered, in the bankruptcy proceeding itself, should be taken by motion to fix the allowance and for an order requiring the return of any amount considered to have been excessive.

**2. SAME—PREFERENCE.**

A payment made by a bankrupt to his attorney immediately prior to the bankruptcy for services previously rendered, so far as the question of its being preferential is concerned, stands upon the same ground as a payment to any other creditor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 267.]

In Bankruptcy.

Lewis Squires, for trustee.
Henry P. Ketcham, for respondent.

CHATFIELD, District Judge.  The present motion is an application on the part of a trustee to compel repayment into the bankrupt estate of the sum of $600, which amount was paid to the attorney who prepared and filed the petition and schedules in voluntary bankruptcy.  This money was paid prior to the filing of the petition, and included the amount charged for services rendered through a considerable period prior to the filing of the petition.  In these services the attorney for the bankrupt was endeavoring to effect a settlement of the bankrupt's affairs, looking up the condition of his estate, advising him with reference to litigation, and, in general, acting as personal counsel under circumstances which ultimately showed the necessity on the part of the client of going through bankruptcy.  The moving papers show that the services charged for were apparently actually rendered, and it is not disputed that the amount charged, namely, $600, was not an unreasonable fee for such services.  The trustee, however, claims that, aside from what could properly be approved as disbursements and as a reasonable allowance, under section 64b (3) of the act of July 1, 1898 (chapter 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]), "for the professional services actually rendered, * * * to the bankrupt in voluntary cases, as the court may allow," the payment was in the nature of a preference, and should be repaid to the estate.

The trustee takes the position that, under the provisions of sections 67e and 60b, the trustee might even bring an action for the repayment of the entire $600, leaving the attorney to a subsequent allowance at the hands of the court.  But it is considered that the provi-

sions of section 60d, although aimed at the recovery of undue payments for "services to be rendered," are analogous in so far as they give this court an opportunity to determine what allowance shall be made under the provisions of section 64b (3), above quoted. Hence proceedings to test the propriety of payments to an attorney for all services, namely, those rendered before the payment as well as those services to be rendered in the bankruptcy proceeding itself, should be taken in the form of a motion to fix the allowance, and for an order directing the return of the balance, unless an issue is raised.

As has been said before, the attorney receiving the payment undoubtedly had a claim against the bankrupt's estate, and would have had an attorney's lien upon any papers or the proceeds of any litigation which might have been in his possession; but the affidavits here show that the payment of $600 was for services rendered and to be rendered, and it nowhere appears that any property was in the hands of the attorney to which a lien might attach.

It therefore appears to the court that the payment beyond the amount of a reasonable allowance may have been to that extent preferential, and must be treated as a payment to any other creditor. Under the provisions of section 57g, the claim of a creditor who has received a preference, void or voidable, cannot be allowed until the property preferentially paid has been surrendered, and in the present instance this would make it necessary to direct the attorney to repay to the trustee the amount by which the sum of $600 exceeds the allowance to him for services and disbursements in connection with the bankruptcy proceeding, if the payment proves to have been preferential.

The payments do not seem to have been made from time to time as services were rendered, and hence cannot be considered as having been made for value received at the time of payment, but were in settlement of a running account, and the attorney is thus in the same position as any other creditor whose claim had been paid within four months and during insolvency.

The question of the amount of the allowance for fees and disbursements in the proceeding, and the determination of any issue, will be referred to the referee as special commissioner, to hear and report thereon.