## In re COLUMBIA FIREPROOF DOOR & TRIM CO.

(District Court, E. D. New York. February 23, 1909.)

BANKRUPTCY (§ 188*)—LIENS—RIGHTS OF TRUSTEE.

>   The trustee of a bankrupt corporation, which took title to property expressly subject to certain chattel mortgages thereon, cannot attack the validity of such mortgages on the ground that they were not recorded in a county where one of the original mortgagors resided, as required by the state statute; his rights being measured by those of the bankrupt.

>   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 286; Dec Dig. § 188.*]

In Bankruptcy.

Conway & Williams, for trustee.
Chilton, Goldstein & Rockmore, opposed.

CHATFIELD, District Judge. The trustee in bankruptcy has in his possession certain property upon which chattel mortgages were originally given by two men, named Rapaport and Dolgow, on the 24th day of August, 1907. These chattel mortgages were properly filed in the office of the register of Kings county, where the mortgagor Dolgow resided, but were not filed in the county of New York, where the mortgagor Rapaport resided. The statutes of New York provide that a chattel mortgage shall be void against creditors of the mortgagor, unless it is filed according to statute, and further provide that where there are two or more mortgagors, residing in different coun-

ties, the mortgage must be filed in each county where a mortgagor resides.

Shortly after the making of these chattel mortgages, the machines covered thereby were transferred by the mortgagors to a corporation in which the mortgagors were officers, and the title vested in the corporation was taken expressly subject to the rights of the mortgagee. Thus, as between the new corporation and the mortgagee, the debt and the mortgage would be undoubtedly valid, and no question seems to have arisen, up to that point, with reference to any creditor of the original mortgagors. Somewhat later the corporation was thrown into bankruptcy, and the creditors of the corporation now seek to hold these particular machines as free from the mortgage, on the ground that the original filing did not comply with the statute, and that therefore the mortgage is void.

It must be assumed that the creditors of the bankrupt corporation have no greater rights, so far as title is concerned, than the corporation had. They are not in the position of innocent holders for value. The trustee has only succeeded to the title which the bankrupt had, and this title to the machines in question was subject to the claim of the mortgagee. If the mortgagee had been a creditor of the bankrupt corporation when he received the mortgage—that is, if the bankrupt corporation had been the mortgagor, and the mortgage had not been properly filed—the mortgagee would have the rights of a general creditor, and no more. His lien would be lost. In re Shiebler (D. C.) 163 Fed. 545. But inasmuch as the estate of the bankrupt was increased only to the extent of the equity in the property over the mortgage, and inasmuch as the creditors have not been injured, nor had their positions changed by any withdrawal or incumbering of the assets of the bankrupt corporation, through the making and failure to record the mortgage in question, there would seem to be no reason for attempting to extend the precise language of the statute, and to hold the mortgage void as against the creditors of the bankrupt corporation, for no reason other than that the mortgage might have been attacked by the creditors of a different individual. This doctrine has been expressly held in the case of Talcott v. Hurlbert et al., 143 Cal. 4, 76 Pac. 647.

In New York the case of Wooster v. Sherwood, 25 N. Y. 278, states the same doctrine—that creditors obtain no greater rights than the debtor had—with reference to properties taken subject to an existing lien, even if that lien be imperfect as against a prior owner's creditors. This case held that this doctrine covers even the case of an innocent purchaser of the property in question from the individual who took the property subject to the imperfect lien; that is, a person who acquired property, knowing that it was incumbered by a lien good as against the maker, was held by the New York court to have been guilty of conversion in disposing of that property to an innocent third party, and his transfer, therefore, determined to have passed no title.

The present case does not go nearly so far as the case decided by the New York Court of Appeals, and there would seem to be no doubt that the mortgagee is entitled to the enforcement of his lien.