### In re RAMBLER CAFETERIA, Inc. *

### Petition of WEIL.

(Circuit Court of Appeals, Second Circuit. December 7, 1925.)

### No. 9.

**1. Bankruptcy ⇐184(2)—Receiver in bankruptcy held entitled to proceeds of personal property subject to unfiled mortgage.**

Where purchaser of personal property assumed payment of unfiled mortgage thereon in hands of assignee of mortgagee, transaction was outside protection of Lien Law N. Y. §§ 230–235, and receiver in bankruptcy was entitled to proceeds of property as against claimants under mortgage.

**2. Chattel mortgages ⇐92—Unfiled chattel mortgage only as valid between the parties as it would be at common law.**

Lien Law N. Y. §§ 230–235, or similar statutes do not prevent one from dealing with chattels by way of mortgage in common-law manner, and statement that unfiled chattel mortgage is valid between parties means only that it is as valid as it would be at common law.

**3. Chattel mortgages ⇐92—If mortgagor cannot deny validity of mortgage, neither can another standing in his shoes.**

If mortgagor cannot deny validity of mortgage not directly within the protection of Lien Law N. Y. § 230, neither can another standing in his shoes.

**4. Bankruptcy ⇐184(2)—Under New York law, trustee in bankruptcy could attack unfiled chattel mortgage, even before amendment of Bankruptcy Act, declaring extent of his interest.**

Even before 1910 amendment of Bankruptcy Act, § 47a (Comp. St. § 9631), declaring trustee to have rights of judgment creditor, a trustee in bankruptcy, under New York law, as representative of creditors at large, could attack an unfiled chattel mortgage given by bankrupt.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In matter of bankruptcy of the Rambler Cafeteria, Inc. On petition of Diana M. Weil to revise an order of the District Court, denying her claim to proceeds of mortgaged property sold by receiver in bankruptcy. Order affirmed.

The material facts are these:

M., being the owner of certain chattels, executed and delivered to L. a mortgage on said chattels. L. assigned the mortgage to W., the petitioner herein. M. sold the chattels to S., and S. sold them to the bankrupt. The bankrupt purchased the chattels with knowledge of the mortgage aforesaid and assumed payment thereof.

All the parties lived in New York, the chattels were always in that state, and the mortgage in legal effect was never filed in accordance with New York Lien Law (Consol. Laws, c. 33) §§ 230–235.

The chattels passed into the hands of the receiver in bankruptcy, who sold them; the proceeds, which were insufficient to satisfy the mortgage, passed into the hands of the trustee, and the question presented here and below was whether the holder of the mortgage, W., was entitled to the proceeds aforesaid. The court below denied the claim of

*Certiorari denied 46 S. Ct. 355, 70 L. Ed. ——.

W., and thereupon this petition to revise was filed.

Morris E. Gossett, of New York City, for petitioner.

Greller & Ringel, for trustee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] Section 230 of the New York Lien Law declares that an unfiled chattel mortgage "is absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith." The mortgage holder, Weil, contends that, although this mortgage may have been wholly void as against the creditors of M., the original mortgagor, it was valid between the original parties, and is valid between their successive and respective assignees, and that the only creditors who can attack it for nonfiling are those of M., because the statute speaks only of "creditors of the *mortgagor*," and such words cannot extend to creditors of an assignee or grantee of the mortgagor.

The direction that unfiled chattel mortgages shall be void "as against the creditors of the mortgagor" is very common in chattel mortgage acts throughout the Union, and the position assumed by petitioner has received apparent support in Talcott v. Hurlbert, 143 Cal. 4, 76 P. 647, but, under a statute containing the same words, the contention was rejected in Fidelity, etc., Co. v. Staten Island Co., 70 N. J. Eq. 558, 62 A. 441. If we were to rest on authority, we should prefer that of the New Jersey chancery.

[2] But petitioner's position cannot, in our judgment, be supported by reason. It is often said that an unfiled chattel mortgage, though void by the statute, is valid between the parties. Gandy v. Collins, 214 N. Y. 293, at 298, 108 N. E. 415. But such validity as the unfiled mortgage possesses cannot be obtained from the statute, for there were chattel mortgages in plenty before any statutes touched the subject. In re Packard Press (C. C. A.) 5 F.(2d) 633. In other words, the New York (or any similar) statute does not prevent one from dealing with chattels by way of mortgage in the common-law way; so that, when it is said that an unfiled chattel mortgage is valid between the parties thereto, it is meant that the transaction is just as valid as it would be at common law, and no more.

Mortgages of all kinds were by original concept conveyances with a defeasance, and a chattel mortgage is that in New York to this day. Barrett, etc., Co. v. Van Ronk, 212 N. Y. 902, 105 N. E. 811. But if that conveyance be not accompanied by actual possession, and is not filed, it is just what it would have been at common law, viz. per se a fraud upon the creditors of the mortgagor.

Let it be admitted that the unfiled chattel mortgage is just as good between the assignees or transferees (with notice) of both mortgagee and mortgagor as it was between the original parties; yet it cannot gain any additional strength or virtue by such transfer. Wherefore, when the assignee of the mortgagor takes possession of the chattels and assumes the payment of the mortgage, the mortgage conveyance becomes his, and he has made that transfer of his chattels, unaccompanied by any change of possession, which the common law branded, and still does brand, as a fraud.

Therefore, looking at the matter as one unaffected by statute, creditors of this bankrupt are entitled to assert their demands against these chattels, not because of the chattel mortgage statute, but because neither the mortgage holder nor the creditors are either protected or affected by the statute. This whole transaction is simply outside the act.

[3] This disposes of the actual case at bar; but there has been a good deal of case citing without proper attention to changing statutes, and changing judicial views. When any one attacks a chattel mortgage which is not directly within the protection of the statute, the vital question is: Does the attacker stand in the shoes of the mortgagor, or does he not? If he does, then, if the mortgagor could not deny the validity of the mortgage, neither can the attacking trustee, assignee, or creditor.

Accordingly it was held under the Bankruptcy Act of 1867 (14 Stat. 517) that in New York an assignee in bankruptcy did stand in the shoes of the bankrupt-mortgagor; wherefore *he* could not complain about an unfiled chattel mortgage. Stewart v. Platt, 101 U. S. 731, 25 L. Ed. 816; Adams v. Collier, 122 U. S. 382, 7 S. Ct. 1208, 30 L. Ed. 1207. But when those cases were decided the New York law was thought to be that creditors at large of the mortgagor could not attack an unfiled chattel mortgage, but only creditors holding some legal process authorizing the seizure of the property as in execution or attachment. Stephens v. Meriden, etc., Co., 160 N. Y. 178, 54 N. E. 781, 73 Am.

St. Rep. 678; Button v. Rathbone, 126 N. Y. 127, 27 N. E. 266.

We followed this rule in Re New York Economical Printing Co., 110 F. 514, 49 C. C. A. 133, holding that a trustee in bankruptcy under the act of 1898 (Comp. St. §§ 9585–9656) could not attack such a chattel mortgage, except in so far as he represented creditors of the kind described in Button v. Rathbone, supra. As is well known, Skilton v. Codington, 185 N. Y. 80, 77 N. E. 790, 113 Am. St. Rep. 885, reinterpreted the New York law, and afterward Congress (1910) amended section 47a of the bankruptcy statute (Comp. St. § 9631) by directing that a trustee should be deemed vested with the rights of a judgment creditor holding an execution duly returned unsatisfied. In re Seward Dredging Co., 242 F. 225, 155 C. C. A. 65.

[4] Thus under the law of New York as last declared, and even before the amendment of 1910, a trustee in bankruptcy as the representative of creditors at large can attack an unfiled chattel mortgage; but by virtue of the amendment of 1910 a trustee is strictly within the class of persons who could attack such mortgages under Button v. Rathbone, supra.

What we have just written is a commentary on the briefs filed in this and other cases. The ground of our decision, however, is that an unfiled chattel mortgage is in New York one wholly without any statutory protection, and that at common law such a transaction as here shown could not withstand attack from a trustee in bankruptcy since 1910 at all events.

Order affirmed, with costs.