## EICHLER v. GRAY.

## In re SMITH.

Circuit Court of Appeals, Ninth Circuit.
July 2, 1928.

No. 5414.

**1. Bankruptcy ⊕151—Trustee in bankruptcy has only power defined in statute (Bankr. Act, § 47a; 11 USCA § 75(a).**

Trustee in bankruptcy has power defined in Bankruptcy Act, § 47a, 11 USCA § 75(a), but no more.

**2. Bankruptcy ⊕184(1)—Trustee in bankruptcy may challenge validity of trust deed only if, under laws of state, creditors having qualifications prescribed could have assailed it (Bankr. Act, §§ 47a, 67a; 11 USCA §§ 75 (a), 107(a).**

Under Bankruptcy Act, § 47a (11 USCA § 75(a), relating to trustee's powers, and section 67a, 11 USCA § 107(a), relating to liens against estate, trustee in bankruptcy may challenge validity of trust deed only if, under laws of state, creditors of bankrupt having qualifications prescribed in Bankruptcy Act, but for bankruptcy proceedings, could have assailed it.

**3. Mortgages ⊕59—Under California statutes, trust deed with void acknowledgment is valid as to all persons except subsequent purchasers or mortgagees for value (Civ. Code Cal. §§ 1107, 1214, 1217).**

Under Civ. Code Cal. §§ 1107, 1214, 1217, only object of acknowledgment is hat instrument may be recorded, and trust deed with void acknowledgment is valid as to all persons except subsequent purchasers or mortgagees for value and in good faith, and holders of judgments affecting title under certain conditions.

**4. Bankruptcy ⊕184(2¼)—Trust deed with void acknowledgment held valid as against trustee in bankruptcy (Civ. Code Cal. §§ 1107, 1214, 1217; Bankr. Act, §§ 47a, 67a; 11 USCA §§ 75(a), 107(a).**

Under Civ. Code Cal. §§ 1107, 1214, 1217, and Bankruptcy Act, §§ 47a, 67a, 11 USCA §§ 75(a), 107(a), trust deed, signed and delivered in good faith for present consideration, held valid as against trustee in bankruptcy, even if acknowledgment was wholly void, and recording was for that reason ineffective.

Appeal from the District Court of the United States for the Northern Division of the Northern District of California; Frank H. Kerrigan, Judge.

In the matter of the bankruptcy of Robert Kennon Smith, bankrupt; L. A. Eichler, trustee. Dr. Everett E. Gray filed a claim against the estate, based on a trust deed. The referee disallowed the claim, but the court held that the trust deed was valid, and the trustee appeals. Affirmed.

Frank A. Duryea, of Marysville, Cal., for appellant.

Erling S. Norby, of Marysville, Cal., for appellee.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

DIETRICH, Circuit Judge. The controlling question submitted is whether a trustee in bankruptcy has the requisite standing to challenge the validity of a mortgage in the form of a trust deed, signed and delivered in good faith for a present consideration, and covering real property in the state of California, upon the ground alone that the acknowledgment and the certificate thereof are void.

Section 67a of the Bankruptcy Act (11 USCA § 107(a) provides that "claims, which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt, shall not be liens against his estate," reference undoubtedly being to the state laws. Collier (13th Ed.) p. 1507. And under section 47a of the Bankruptcy Act, as amended (11 USCA § 75[a]), a trustee in bankruptcy, "as to all

property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

[1-3] Appellant, as trustee, has the power so defined, but no more. He may challenge the validity of the trust deed only if, in California and under the California laws, creditors of the bankrupt, having the qualifications prescribed in this provision of the Bankruptcy Act could, but for the bankruptcy proceedings, have assailed it. Robertson v. Schlotzhauer (C. C. A.) 243 F. 324, 330. But under the California statutes the only object of an acknowledgment is that the instrument may be recorded, and an unrecorded mortgage or deed is valid as to all persons except subsequent purchasers or mortgagees for value and in good faith, and holders of judgments affecting title under certain conditions not material here. Civ. Code Cal. §§ 1107, 1214, and 1217; Bank of Ukiah v. Petaluma S. Bank, 100 Cal. 590, 35 P. 170; Farmers' Exchange Bank v. Purdy, 130 Cal. 455, 62 P. 738; Talcott v. Hurlbert, 143 Cal. 4, 76 P. 647; Payne v. Morey, 144 Cal. 130, 77 P. 831; In re McIntosh, 150 F. (C. C. A. 9th) 546; 4 Remington on Bankruptcy, § 1589. And compare York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 S. Ct. 481, 50 L. Ed. 782, and Carey v. Donohue, 240 U. S. 430, 36 S. Ct. 386, 60 L. Ed. 726.

[4] Hence, assuming, without deciding, that the acknowledgment in question was wholly void, and that the recording was for that reason ineffective, we must still hold the trust deed valid as against the appellant trustee.

Accordingly the judgment below is affirmed.